**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000168**
**09-SEP-2011**
**07:52 AM**

NO. CAAP-11-0000168

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WHEELS OF JUSTICE, LLC, a Nevada limited liability company,
Plaintiff-Appellant,
v.
TITLE GUARANTY ESCROW SERVICES, INC.;
ISLAND TITLE CORPORATION; CLINTON HINCHCLIFF, JR.;
CLINTON HINCHCLIFF, SR.; HINCHCLIFF INVESTMENTS LLC,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-178K)

ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Defendant-Appellant Wheels of Justice, LLC's (Appellant), May 27, 2011 jurisdiction statement, and (2) the record, it appears that we lack jurisdiction over the appeal that Appellant has asserted from the Honorable Ronald Ibarra's March 3, 2011 "Order Denying Plaintiff's Motion to Set Aside Order of Dismissal Filed January 10, 2011" (the March 3, 2011 order).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawai'i has adopted Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the Supreme Court of Hawai'i has held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphasis added). In contrast, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto

v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Because a judgment has already been entered by the time when a post-judgment proceeding takes place, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawai'i at 158, 80 P.3d at 979.

At first glance, Appellant's appeal from the March 3, 2011 order might appear to be an appealable post-judgment order, because

    (a)    HRCP Rule 60(b) expressly authorizes relief "from a final judgment, order, or proceeding[,]"

    (b)    "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)" (Ditto v. McCurdy, 103 Hawai'i at 160, 80 P.3d at 981 (citation omitted), and

    (c)    the March 3, 2011 order denied Appellant Wheels of Justice's motion to set aside the circuit court's January 10, 2011 dismissal order pursuant to Rule 12(q) of the Rules of the Circuit Courts of the State of Hawai'i (RCCH).

However, although the March 3, 2011 order denied Appellant's motion to set aside the January 10, 2011 RCCH dismissal order, the January 10, 2011 RCCH Rule 12(q) dismissal order was not an independently appealable order, because the circuit court did not reduce it to a separate judgment pursuant to HRCP Rule 58. Price v. Obayashi Hawaii Corporation, 81 Hawai'i at 176, 914 P.2d at 1369 (a dismissal order is not eligible for appellate review absent the entry of a separate judgment). As an order that was not independently appealable, the January 10, 2011 RCCH Rule 12(q) dismissal order was not a "judgment," as defined by HRCP Rule 54(a). See HRCP Rule 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal

lies."). Hawai'i appellate courts have held that "a motion for reconsideration, pursuant to HRCP Rule 60(b), is authorized only in situations involving final judgments." Cho v. State, 115 Hawai'i 373, 382, 168 P.3d 17, 26 (2007) (citations and internal quotation marks omitted); Crown Properties, Inc. v. Financial Security Life Insurance Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985) ("A Rule 60(b), HRCP, motion is authorized only in situations involving final judgments."); Tradewinds Hotel, Inc. v. Cochrane, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990) ("Rule 60(b) applies to motions seeking to amend final orders in the nature of judgments."). Similarly in federal courts, "[t]he standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently 'final' to be appealed." 12 James Wm. Moore et al., Moore's Federal Practice § 60.23, at 81-82 (3d ed. 2009) (footnote omitted). Thus, the United States Court of Appeals for the Ninth Circuit has explained that "Rule 60(b) [of the Federal Rules of Civil Procedure] . . . applies only to motions attacking final, appealable orders[.]" United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (emphases added). The January 10, 2011 RCCH Rule 12(q) dismissal order is not a final judgment and is subject to revision before a final judgment is entered. See, HRCP Rule 54(b). Therefore, in filing its motion to set aside the circuit court's January 10, 2011 RCCH Rule 12(q) dismissal order, Appellant was invoking the circuit court's inherent authority to revise any and all interlocutory orders prior to the entry of a judgment. Because the January 10, 2011

-4-

RCCH Rule 12(q) dismissal order was not an appealable judgment, and because the circuit court did not enter any appealable judgment pursuant to HRS § 641-1(a), HRCP Rule 58, and the holding in <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338, HRCP Rule 60(b) did not apply to Appellant's motion to set aside the circuit court's January 10, 2011 RCCH Rule 12(q) dismissal order. Consequently, the March 3, 2011 order is not a "post-judgment order" from which a party may appeal. Absent an appealable final judgment, we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 9, 2011.

Chief Judge

Associate Judge

Associate Judge